IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABRAHAM GRANT                                                                    PETITIONER


v.                                    NO. 5:07CV00097 JLH-JFF


LARRY NORRIS, Director,
Arkansas Department of Correction                                                RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge recommends that the petition be summarily dismissed without prejudice for lack of jurisdiction.

Following a jury trial in Phillips County Circuit Court in March of 2003, Petitioner was found guilty of the capital murder of Ms. Rosetta Pittman and first-degree battery of Ms. Louise Perry. He was sentenced to life imprisonment without parole on the capital murder conviction and five years imprisonment on the first-degree battery conviction, the sentences to run concurrently. Petitioner appealed to the Arkansas Supreme Court. As his sole point on appeal, Petitioner argued that the trial court erred

in admitting into evidence statements made by Rosetta Pittman under the dying declaration exception to the hearsay rule. The Supreme Court found that Petitioner's argument was without merit and affirmed the judgment of the circuit court. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). Petitioner did not seek post-conviction relief in state court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On February 22, 2005, Petitioner filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254 challenging his capital murder and first-degree battery convictions. He raised the following grounds for relief:

    1.    Petitioner was denied the right to a speedy trial;

    2.    There is insufficient evidence to support Petitioner's convictions;

    3.    The jury was unfair;

    4.    Witnesses made conflicting statements;

    5.    Captain David Lovell changed his statement on the stand under oath "from that which was in the motion discovery on the investigation report sheet"; and

    6.    Counsel was ineffective and had a conflict of interest.

On October 3, 2005, the Court dismissed Petitioner's habeas petition with prejudice, finding that Claims 1, 3, and 6 were procedurally barred and that Petitioner's other claims were without merit. *Grant v. Norris*, No. 5:05CV00058 JFF (E.D. Ark. Oct. 3, 2005). Petitioner filed a notice of appeal, which the Eighth Circuit treated as an application for a certificate of appealability. On September 7, 2006, the Eighth Circuit denied the application for a certificate of appealability and dismissed Petitioner's appeal. *Grant v. Norris*, No. 05-4039 (8th Cir. Sept. 7, 2006).

In 2006, Petitioner filed a *pro se* petition for writ of mandamus and a *pro se* petition for declaratory judgment in Phillips County Circuit Court. Each petition attacked the credibility of witnesses at Petitioner's trial and alleged errors by the trial court in admission of evidence at trial. On January 23, 2007, the circuit court denied the petitions, finding that the appropriate remedy for Petitioner's claims was an appeal from his convictions, not a petition for writ of mandamus or petition for a declaratory judgment. Petitioner appealed to the Arkansas Supreme Court. On May 3, 2007, the Arkansas Supreme Court dismissed Petitioner's appeal, holding that a mandamus action is not a substitute for an appeal and that declaratory judgment action is not a means to reargue evidentiary issues that could have been, or were, raised in a criminal trial. *Grant v. State*, No. CR 07-224, 2007 Ark. LEXIS 282 (Ark. Sup. Ct. May 3, 2007).

On May 8, 2007, Petitioner filed the pending § 2254 petition in this Court. He contends that the jury sentenced him in violation of Arkansas statutes and rules of evidence and "on speculation and conflicting testimony." He also contends that the circuit court denied him a hearing on his petition for writ of mandamus and petition for declaratory judgment and that the Arkansas Supreme Court dismissed his appeal without holding a hearing "due to [his] being without counsel." Petitioner contends that the state courts' actions violated his right to equal protection. This Court has not ordered that the petition be served on the Respondent.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to summarily dismiss a habeas corpus petition prior

to any answer or other pleading by the State.[1] Summary dismissal is appropriate under Rule 4 where the face of the petition and the court records, of which a federal district court can take judicial notice, indicate that the petition is a second or successive petition filed without authorization from the appropriate court of appeals. *Harris v. Dretke*, 2004 U.S. Dist. LEXIS 14509 at ** 3-4 (N.D. Tex. July 28, 2004) (recommended disposition), adopted by order of district court, 2004 U.S. Dist. LEXIS 16273 (N.D. Tex. Aug. 13, 2004); *Scott v. Dretke*, 2005 U.S. Dist. LEXIS 31269 at ** 3-5 (N.D. Tex. Dec. 6, 2005) (recommended disposition), adopted by order of district court, 2005 U.S. Dist. LEXIS 36300 (N.D. Tex. Dec. 28, 2005); *Nash v. Beard*, 2006 U.S. Dist. LEXIS 80218 at ** 1-5 (M.D. Pa. Oct. 17, 2006).  Before filing a second or successive habeas application in district court pursuant to § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. *Crone v. Cockrell*,

---

[1]   Rule 4 provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

From the face of the instant habeas petition and the court records, it is apparent that Petitioner's petition is a second or successive habeas application. Petitioner has not obtained authorization from the Eighth Circuit to file a second or successive application. Accordingly, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Dated this 22nd day of May, 2007.

       /s/ John F. Forster, Jr.     
UNITED STATES MAGISTRATE JUDGE